[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action claiming payment for services rendered to the defendant under an agreement for government relation services. The defendant, a general partnership known as Brickyard Business Center Associates ("Brickyard"), owned property at Old Brickyard Lane in Berlin, Connecticut and in the latter part of 1992 and early part of 1993 was preparing a bid for award of the State of Connecticut Department of Public Works Contract for the State Data Center, Project BI-28-850, to design and build such Data Center. The bid would provide for the building of the Data Center on the CT Page 2769 defendant's property with a transfer to the State after completion. The defendant, James Manafort ("Manafort"), on behalf of Brickyard, had discussions with the plaintiff as to whether plaintiff's services would be helpful and the costs thereof. The previous year the plaintiff had given services to Manafort on different items which had proven helpful. As a result of such discussion a document labeled "contract" was mailed to Manafort on February 12, 1993 with a request to respond John Doyle, President of the plaintiff, testified that he contacted Manafort at least on two occasions by telephone. On the first occasion he was told that the signed agreement was being reviewed and on the second occasion that it had been misplaced. The documents were again sent to Manafort and in mid-April Plaintiff's Exhibit 1 was returned signed along with a check dated April 21 in the amount of $5,000. Doyle testified that from the end of January he believed there was a contract and both he and David Ryan were using efforts to advance Brickyard's interest and learn how to approach the selection process and that David D'Amore, an independent contractor, was licensed as representative of the plaintiff as a real estate broker for the purpose of aiding in the subsequent negotiation with the Commissioner of Public Works. Doyle believed that Manafort would be on the short list and that his greatest service would be on the selection process. Manafort testified that he always intended to follow the agreement and intended to make the payments called for under the agreement. He changed his mind only when he learned he was not on the short list and when Doyle told him his chances were dead. It was then that he felt the plaintiff had done nothing for the advancement of Brickyard's chances of obtaining the award and refused to pay.
Although both Doyle and Manafort testified that they would not do anything inappropriate nor ask the other to do anything inappropriate, there can be no question that the contract arose because of David Ryan's past service in the Department of Public Works and John Doyle's well-known long time friendship with the then governor which was likely to open doors as to information and smooth any possible friction in the selection process. Like any expertise it is difficult to quantify by things done or hours spent.
Both parties claim breach of the contract by the other. Failure to make payments called for by the contract results in a breach thereof unless excused. "Brickyard" proffers as an excuse that the plaintiff failed to produce sufficient efforts to place "Brickyard" on the short list. The court cannot import into the CT Page 2770 agreement such a guarantee. Levine v. Massey, 272 Conn. 272, 278. In fact Manafort's conduct would not indicate such an intent since he did not solicit the plaintiff's efforts in the preparation of the bid, and assured the plaintiff that it would be sufficiently low to warrant being on the short list.
The defendants allege bad faith on the part of the plaintiff but failed to provide any evidence of it. Buckman v. PeopleExpress Inc., 205 Conn. 166, 171.
The defendants allege bad faith on the part of the plaintiff but failed to provide any evidence of it. Buckman v. PeopleExpress, Inc., 205 Conn. 166, 171.
The defendants allege that the contract is barred by C.G.S. § 20-325a(a) and 20-325a(b). The short answer to this claim is that the plaintiff was licensed as a real estate broker. The proper answer is that the contract was for government relation service, not real estate services.
For the reasons stated above the court finds for the plaintiff in Counts One and Four and against the plaintiff in Counts Three and Five and would have found for the plaintiff in Count Two if not for Count One, and further finds for the plaintiff on Substituted Counterclaim Counts One, Two and Three.
Since the court has not found in favor of the plaintiff on Counts 3 and 5 no statutory attorney fees are awarded since the contract contains no provision for such.
The court does award interest in accordance with c.G.S. §37-3a on the judgment.
The court finds that the unpaid amount due under said contract to be the sum of $20,000 plus sales tax of $1,500.00.
Therefore, the court grants judgment in favor of the plaintiffs against the defendants in the amount of $21,500 plus interest.
Corrigan, JTR JUDGE TRIAL REFEREE CT Page 2771